

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable E. R. Gregg
Chairman, Board of Managers
Texas State Railroad
Rusk, Texas

Dear Mr. Gregg:                     Opinion No. O-5728

Re: Whether or not the Board of
Managers of the Texas State Rail-
road has the authority to enter into
a contract with a private auditor
for an audit of accounts between
Texas State Railroad and the New
Orleans Railroad.

You make the following request for an opinion, to-wit:

"The Board of Managers of the Texas State Railroad, of
which body I am chairman, recently caused an audit to be made
through the office of the State Auditor. This audit was not com-
plete and was not made by parties familiar with the auditing of
railroad matters. Since receiving this audit and going over it
carefully and after having conferred with men whom we consider
capable of making an audit of the matters between the Texas
State Railroad and the New Orleans Railroad, we are convinced
that a complete audit should be made. It is our opinion that we
can make a contract with such a party, or parties, which will not
involve the State in so far as expense is concerned; in other words,
we can make this contract on a contingent basis, the auditor re-
ceiving his remuneration out of the amount, if any, recovered from
the T & N O Railroad.

"I will appreciate it very much if you will let me have the
opinion of your office as to whether or not the Board of Managers
of the Texas State Railroad is authorized, under the Act creating
it, to make a contract as stated above."

The Board of Managers for the Texas State Railroad was created by Senate Bill No. 267, Chapter 26, General Laws, 37th Legislature, Regular Session. This Act was amended by the passage of Senate Bill No. 14, Chapter 4, at the Second Called Session of the same Legislature. The original Act has been further amended by the passage of Senate Bill No. 69, Chapter 3, at the Regular Session of the 38th Legislature (1923).

The powers of the Board, as the same have been amended, are, insofar as pertinent, as follows:

"SEC. 2. Immediately after the taking effect of this Act it shall be the duty of the Board of Prison Commissioners of the State of Texas, upon demand of the Board of Managers of the Texas State Railroad, to deliver the possession of said railroad, together with all equipment, supplies, choses, books, records and documents of every character, and all property of whatever kind belonging to the said Railroad, to the Board of Managers, created by this Act.

"SEC. 3. The Board of Managers is hereby authorized, upon approval of the Governor of the State of Texas, and given full authority to sell or lease said railroad for the highest amount and upon the best terms obtainable, to any person, firm, or corporation, and in the event said Railroad is sold to execute and deliver to the purchaser thereof a deed to the right of way and to all other lands owned by the State of Texas and used in connection with said railroad and to do any and all things necessary to convey the title of said railroad right of way, rolling stock, and all other property and choses of whatever kind belonging to said railroad to the purchaser, and in the event the Board of Managers shall lease said railroad, it shall have the authority to execute such a lease agreement as it may deem to the best interest and welfare of the State of Texas, subject, however, to the approval of the Governor of the State of Texas; provided that in the event of the sale of said railroad the proceeds thereof shall be first applied to the payment of the bonds and accrued interest thereon, owned by the Public School Fund of the State of Texas and against said railroad. Any balance shall be paid into the Treasury of the State.

"SEC. 4. If the Board of Managers cannot sell said railroad or lease the same to an advantage, then it is hereby authorized to continue to operate the same upon the most economical bases possible, and until such time as the Board may be able to find a satisfactory purchaser for said railroad or lease the same to an advantage,

and for the purpose of rehabilitating said railroad and putting the same in shape so that traffic may move over the same in safety, there is hereby appropriated out of any funds in the State Treasury not otherwise appropriated, the sum of Twenty-five Thousand ($25,000.00) Dollars to be used in the payment for repairs and operation from the date of the taking effect of this Act, which with the operating revenue derived from the railroad, to be paid by warrants drawn upon the State Treasury, by the Comptroller upon order of the Board of Managers. And said Board of Managers shall have at their disposal for the purpose of improving and repairing said Texas Railroad, fifty (50) able-bodied convicts to be furnished by the Prison Commission of Texas, and to be used at any time during the first year of said management of said Texas Railroad by the Board of Managers, created by this Bill. The Board of Managers are hereby directed to make report of their action in the premises to the next Called Session of the Thirty-seventh (37th) Legislature.

"SEC. 5. Such Board of Managers shall make reports to the Comptroller of all receipts, expenditures and disbursements, which reports shall be prepared not later than the tenth (10th) day of each month and shall cover the operations of said railroad for the preceding calendar month. They shall be accompanied by a remittance to the Comptroller of all monies so received by such Board of Managers in the course of its operations during such month.

"SEC. 6. All disbursements and payments of every nature whatsoever, including interline balances shall be paid by warrant of the Comptroller upon the Treasury drawn by him upon due order of the Board of Managers. Interline balances shall be carried by the Comptroller as a separate trust fund for the benefit of connecting lines entitled to revenue funds collected by said railroad.

"SEC. 7. All current funds received by the Board of Managers or any station agent of such railroad shall be forthwith transmitted to such State Bank as may be designated by the Board of Managers as a depository of such funds. Remittance of such funds to the Comptroller shall be made by the check of the Chairman of the Board of Managers upon such bank.

"SEC. 8. Such Board of Managers shall make full report of any sale or lease of such railroad to the Governor. In case of the operation of such railroad by such Board, full reports of all expenses, disbursements and income shall be made by it to the Governor, on the

first days of July and January of each year. In case of the lease of such railroad the rentals shall be collected and audited by the Board, and a full report thereof likewise made to the Governor semi-annually.

"The Governor shall submit all such reports to the Legislature at each Session next succeeding the receipts thereof by him."

"Section 3a. In addition to the powers otherwise vested in said Board of Managers with respect to the Texas State Railroad, said Board of Managers is hereby authorized and empowered to make and enter into any other contract or contracts, agreement or agreements with respect to said railroad, or any property, right, franchise, privilege, or other matter or thing belonging thereto or constituting any part thereof, and not inconsistent with law, whether of sale, option of sale, trackage agreement, or of any other nature or character whatsoever, as in the judgment of the Board of Managers will be to the best interest of said railroad, the people and interests to be served thereby, and the State.

"Section 7a. Any money accruing or arising on account of said railroad shall be applied in the discharge or payment of such indebtedness, claims or demands as may have accrued or arisen on account of said Texas State Railroad since March 12, 1921, and as may be authorized by law to be paid therefrom, including personal expenses actually and necessarily incurred by any member of the Board of Managers in the discharge of his duties as such, such clerical or other help or employment as in the judgment of the Board of Managers it may be necessary to incur in properly handling, caring for, managing and otherwise transacting any duty or business arising on account of or by reason of said Texas State Railroad, as well as any other cost or expense properly and necessarily incurred by said Board of Managers with respect to the duties enjoined upon it by law concerning said railroad; and should there at any time be on hand a sum of money which in the judgment of the Board of Managers is in excess of the amount necessary to meet such disbursements, payment or expenditures with respect to said railroad as are authorized by law, said Board of Managers is authorized to apply such excess to the payment of matured interest coupons representing the interest due on the bonds of said railroad that are owned by the public free school fund of this State, and after discharging such interest as may from time to time be due on said bonds, any amount of such excess thereafter remaining on hand may be applied to the payment of said bonds as they have or may mature, such payments to be made by warrants drawn by the Comptroller upon order of the board of managers."

No State officer, board or representative of the State whatsoever, has any authority as a mere incident to his position to make contracts on behalf of the State, or to convey away State property. Such power must be conferred by statute, either expressly or by necessary, implication, and implications with respect to such powers are not favored.

We find nothing in the statutes creating or regulating the Board of Texas State Railroad conferring upon the Board power to do what you suggest -- that is, to enter into a contract with an auditor upon a contingent-fee basis, payable out of any sum recovered by the State through such audit. Such recovery would necessarily be public funds -- the property of the State -- and such contract would be void.

Furthermore, we have been unable to find where the Legislature has made any character of appropriation in favor of the Board for the last several bienniums without which your Board would have no authority to incur a State liability in any event, but we do not put our decision upon that ground, since the ground first stated is sufficient, and is a specific answer to your inquiry.

You are therefore respectfully advised that the contract of employment mentioned by you may not be entered into by your Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    Ocie Speer

Ocie Speer
Assistant

APPROVED DEC 9, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee
By
Chairman

OS-MR